

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5623
Re: Whether under the facts
submitted the Special
District Attorney of the
32nd Judicial District
is required to file a
bond as provided by
Article 323, Vernon's
Annotated Civil Statutes,
and secure a commission
from the Secretary of
State under Article 3882,
Vernon's Annotated Civil
Statutes.

Your letter of September 22, 1943, requesting the opinion of this department on the above stated question reads as follows:

"I am enclosing herewith our complete file covering the appointment of B. L. Templeton as Special District Attorney of the 32nd Judicial District, and request your opinion as to whether or not Judge Templeton will be required to file bond as provided by Art. 323 RCS, and secure the commission from Secretary of State, Article 3882.

"I will thank you to return this file with your reply."

Mr. B. L. Templeton states in his letters of September 14th and September 20th, 1943, that he has been appointed by the District Judge as authorized by Article 31 of the Code of Criminal Procedure.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard, page 2

The order of the District Judge appointing Mr. Templeton reads as follows:

"STATE OF TEXAS ) IN THE DISTRICT COURT OF
"COUNTY OF NOLAN ) NOLAN COUNTY, TEXAS,
SEPTEMBER TERM 1943.

"BE IT REMEMBERED That upon the convening of the regular September term of this Court, it appearing and having been made known that the regularly elected District Attorney will be absent during this term, it is, therefore, the duty of this Court to appoint a Special District Attorney to perform all the duties of the regularly elected District Attorney during his absence.

"It is, therefore, ordered that B. L. Templeton, a regularly licensed attorney of this District, be and he is hereby appointed Special District Attorney for this term of this Court, upon his taking the oath as prescribed by law.

"A. S. Mauzey
Judge, 32nd Judicial District
of Texas."

In compliance with the above mentioned order Mr. Templeton after his appointment by the District Judge took the following oath:

"I, B. L. Templeton, do solemnly swear that I will faithfully execute the duties of the office of Special District Attorney of the 32nd Judicial District of Texas, and will to the best of my ability preserve, protect and defend the Constitution and laws of the United States and of this State; and I furthermore solemnly swear that I have not directly nor indirectly paid or offered or promised to pay, contributed nor promised to contribute any money or valuable thing as a reward for being appointed

to this office, so help me God.

"B. L. Templeton

"Sworn to and subscribed before me, at Sweetwater, Texas, this the 13th day of September, A. D. 1943.

"Myrtle Robertson
"Clerk of the District Court
of Nolan County, Texas."

Article 31, Vernon's Annotated Code of Criminal Procedure, provides:

"Whenever any District or County Attorney fails to attend any term of the District, County or Justice Court, the Judge of said Court or such Justice may appoint some competent attorney to perform the duties of such District or County Attorney, who shall be allowed the same compensation for his services as is allowed the District Attorney or County Attorney. Said appointment shall not extend beyond the term of the Court at which it is made, and shall be vacated upon the appearance of the District or County Attorney."

House Bill No. 717, Acts of the 48th Legislature, Regular Session, 1943, reads, in part, as follows:

"Section 1. That any person holding a State or District office in the State of Texas, whether as a member of the executive, legislative or judicial departments, when called into the military service of either the State or National Governments, is hereby authorized to file with the Comptroller of Public Accounts of the State, a statement or certificate in writing, to the effect that he waives the payment of his salary or pay or the emoluments of his said office during the period of his military service and authorizing the payment of such salary, pay or emoluments of his of-

Honorable Geo. H. Sheppard, page 4

fice to any other person, who, under the provisions of any law of this State is appointed or elected to temporarily fill such civil office during the absence of such officer, such waiver or assignment to terminate immediately upon the release or discharge of said officer from such military service.

"Sec. 2. Such waiver or assignment shall be sufficient authority for the Comptroller of Public Accounts of the State of Texas to issue State warrants and to pay such person so holding such officer's position during his absence in military service out of appropriations made by the Legislature for such office.

"Sec. 3. The filing with the Comptroller of Public Accounts of the State of Texas of such waiver or assignment provided for in this Act shall never be construed by any Court of this State to be a resignation from his office by the person entering the military service of the State or National Governments or that his office is vacant by reason thereof."

We have carefully considered Articles 323 and 3882, Vernon's Annotated Civil Statutes, in connection with your request and it is our opinion that these articles are not applicable to the question presented in your inquiry.

The Supreme Court of this State in the case of Fowler v. State, 3 S. W. 255, construing Article 39 of the Code of Criminal Procedure, (now Article 31, Vernon's Annotated Code of Criminal Procedure) said:

"Article 39 of the Code of Criminal Procedure authorizes the District Judge, whenever the District and County Attorneys fail to attend any term of the Court, to appoint some competent attorney to perform their duties during such term. Such appointee represents the state in all matters in which it may be interested that may arise during the term. The state is interested in a quo warranto proceeding like the present, and its representative is named in the statute as the proper person to file the information; and this

information was filed during the term of the court at which Chaffee was appointed, and during the absence of the district and county attorney. The above article does not require the appointee to give bond, as does article 244, Rev. St., which provides for an appointment by the governor when the office becomes vacant. Moreover, Chaffee, who was made district attorney pro tem, in the absence of the regular attorney of the state, was recognized as such by the court, and as the proper officer to file this information, and he was at least a de facto district attorney, whose authority could not be attacked in this collateral manner."

In view of the foregoing authorities, we respectfully answer the above stated question in the negative.

The file which was attached to your inquiry is returned herewith.

APPROVED SEP 30 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP

Encl.


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN